UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 30 2006
U.S. COURT OF FEDERAL CLAIMS

PIERCE STREET PARTNERS LIMITED PARTNERSHIP
505 5th Street
Suite 200
Sioux City, IA 51101

and

HICKORY LANE PARTNERS LIMITED PARTNERSHIP
505 5th Street
Suite 200
Sioux City, IA 51101

Plaintiffs

v.

THE UNITED STATES OF AMERICA

Defendant

06-812 C

CIVIL ACTION NO.

**COMPLAINT**

**INTRODUCTION**

1. Plaintiffs are the owners of two multifamily rental housing projects, one each, that are assisted under the U.S. Department of Housing and Urban Development's ("HUD") Section 8 Program. Under the Section 8 Program, HUD provides Section 8 rental assistance on behalf of low-income families which enables such families to live in a multifamily rental housing project at a reduced rental payment. HUD provides Section 8 rental assistance to public housing agencies ("PHA") which, in turn, provide the

Section 8 rental assistance through a Housing Assistance Payments Contract ("HAP Contract") to owners, such as Plaintiffs, of multifamily rental housing projects. In addition, HUD provides Section 8 rental assistance directly to project owners through a HAP Contract between such owners and HUD.

2. Each of the Plaintiffs entered into a HAP Contract with HUD.

3. In accordance with each of Plaintiffs' HAP Contracts, Plaintiffs are entitled to an automatic annual adjustment in the rents payable under the Contracts. HUD did not adjust the rents payable under Plaintiffs' HAP Contracts after 1994. Accordingly, the United States of America, acting through HUD, has breached each of Plaintiffs' HAP Contracts through HUD's failure to adjust the rents payable under the Contracts.

## JURISDICTION

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1491 since Plaintiffs' claims are founded upon an express contract between Plaintiffs and HUD.

## PARTIES

5. Plaintiff Pierce Street Partners Limited Partnership is a limited partnership formed under the laws of Iowa. Pierce Street Partners is the owner of Martin Tower Apartments, an 80-unit multifamily rental housing project located in Sioux City, Iowa.

6. Plaintiff Hickory Lane Partners Limited Partnership is a limited partnership formed under the laws of Iowa. Hickory Lane Partners is the owner of Shire Apartments, a 40-unit multifamily rental housing project located in Sioux City, Iowa.

7. HUD is an agency of the United States of America and at all times relevant to this action, HUD acted as an agent of the United States of America. Accordingly, HUD's actions are imputed to the Defendant, the United States of America.

## FACTS

### The Section 8 Program

8. Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f ("Section 8"), was enacted in 1974 for the purpose of aiding low-income families in obtaining a decent place to live and promoting economically mixed housing. Section 8 seeks to achieve these goals by providing rent subsidies on behalf of low-income families living in rental housing owned primarily by private persons and entities.

9. Section 8 authorizes the Secretary of HUD to enter into Annual Contributions Contracts ("ACC") with PHAs, pursuant to which such agencies may enter into HAP Contracts with private owners of multifamily rental housing to make housing assistance payments to those private owners for some or all of a project's units which are leased to low-income families. Section 8 also authorizes HUD to enter into a HAP Contract directly with a private owner of a multifamily rental housing project. A Section 8 HAP Contract establishes an initial contract rent ("Contract Rent") for each covered unit. The amount of the monthly housing assistance payment for each unit is the difference between the Contract Rent and the amount the tenant is required by law to pay as rent.

10. HUD has implemented Section 8 through several distinct programs. Two such programs are the Section 8 Program for New Construction and the Section 8 Program for Substantial Rehabilitation. Plaintiffs' projects were built and managed under either the New Construction or Substantial Rehabilitation Programs.

11. A HAP Contract "sets forth rights and duties of the owner and the contract administrator with respect to the project and the housing assistance payments." 24 C.F.R.

§§ 880.501(a) and 881.501(a). "The owner and contract administrator execute the [HAP] contract in the form prescribed by HUD …" *Id.*

12. A Contract Administrator is defined as, "The entity which enters into the [HAP] Contract with the owner and is responsible for monitoring performance by the owner." 24 C.F.R. §§ 880.201 and 881.201. HUD was the Contract Administrator for the HAP Contracts between Plaintiffs and HUD.

13. Under the Section 8 Programs, including the New Construction and Substantial Rehabilitation Programs, automatic annual adjustment factors are used to adjust a Section 8 project's Contract Rents. 24 C.F.R. § 888.201. HUD is required to publish these Adjustment Factors by notice in the Federal Register at least annually. 24 C.F.R. § 888.202.

14. In HUD's Fiscal Year 1995 Appropriations Act, "Departments of Veterans Affairs and Housing and Urban Development and Independent Agencies Appropriations Act, 1995", Congress revised Section 8 to limit the adjustment of the Contract Rents at a Section 8 New Construction or Substantial Rehabilitation project where the project's Contract Rents exceed the "fair market rental for an existing dwelling unit in the market area" except "to the extent that the owner demonstrates that the adjusted rent would not exceed the rent for an unassisted unit of similar quality, type, and age in the same market area." P.L. 103-327, 108 Stat. 2315 (1994).

15. In that same Act, Congress further revised Section 8 by requiring that, for the units in a Section 8 New Construction or Substantial Rehabilitation project that are occupied by the same family as the family that occupied the unit at the time of the previous annual rent adjustment, .01 be subtracted from the annual adjustment factor that

would otherwise be used to adjust a unit's Contract Rent, except that the factor is not to be reduced to less than 1.0. P.L. 103-327, 108 Stat. 2315 (1994).

16. These two revisions to Section 8 were originally effective for Fiscal Year 1995 only. However, the provisions were made permanent beginning with Fiscal Year 1999.

17. On March 7, 1995, HUD issued Notice H 95-12 ("Notice 95-12") for the purpose of implementing the revisions to Section 8 contained in HUD's FY 1995 Appropriations Act.

18. In accordance with Notice 95-12, in order for owners of Section 8 New Construction and Substantial Rehabilitation projects where the rents exceed the applicable Fair Market Rents, as published by HUD, to receive the annual rent increase to which the owners would have otherwise been entitled, HUD requires owners to submit an "Estimate of Market Rent by Comparison" on form HUD 92273 at least 60 days before the anniversary date of the owner's HAP Contract.

19. The purpose of form HUD-92273 is to calculate the estimated market rent for a project's units. Under Notice 95-12, if a project's rents, as adjusted by the applicable annual adjustment factor, are less than the rent calculated on Form 92273, an owner is entitled to the full adjustment.

20. Under Notice 95-12, if a project's rents, as adjusted by the applicable annual adjustment factor, are greater than the rent calculated on Form 92273, then additional calculations are required to ensure that the difference between a project's initial Contract Rents and the rent for a comparable unassisted unit on the effective date of the project's HAP Contract are preserved.

21. Before Notice 95-12 was issued, Plaintiffs' projects had their Contract Rents adjusted annually by HUD, as required by Plaintiffs' HAP Contracts with HUD. After Notice 95-12 was issued, the Contract Rents at Plaintiffs' projects remained unchanged.

**The Martin Tower Project**

22. The Martin Tower project was built under the Section 8 Substantial Rehabilitation Program. The project consists of 80 1-bedroom units.

23. The original owner of the Martin Tower project was Martin Tower On The Mall, Ltd., an Iowa limited partnership. On June 1, 2000, Martin Tower On The Mall, Ltd. transferred all of its rights, title and interest in the Martin Tower project to Plaintiff Pierce Street Partners Limited Partnership.

24. Martin Tower On the Mall, Ltd. entered into a HAP Contract (the "Martin Tower Contract") with HUD effective December 1, 1983. Accordingly, December 1 is the Martin Tower Contract anniversary date. A copy of the Contract is attached as Exhibit 1.

25. The term of the Martin Tower Contract was twenty years. Ex. 1, ¶ 1.2. The Martin Tower Contract expired on November 30, 2003.

26. The Martin Tower Contract stated, "Upon request from the Owner to the CA, Contract Rents will be adjusted on the anniversary date of the Contract in accordance with 24 CFR 888 and this Contract." Ex. 1, ¶ 2.7(b)(1).

27. The Martin Tower Contract also stated that the adjustments required by paragraph 2.7(b)(1), "shall not result in material differences between the rents charged for assisted and comparable unassisted units ... except to the extent that the differences

existed with respect to the Contract Rents set at Contract execution or cost certification, where applicable." Ex. 1, ¶ 2.7(d).

28. The initial Contract Rent for each of the Martin Tower project's units was $495.

29. The difference between the initial Contract Rent at the Martin Tower project and the rent for comparable unassisted units on the effective date of the Martin Tower Contract was $147.

30. Beginning on December 1, 1984, the first anniversary date of the Martin Tower Contract, the Contract Rents at the Martin Tower project were adjusted on each anniversary date of the Martin Tower Contract through, and including, December 1, 1994.

31. There were no adjustments to the Martin Tower Contract Rents from December 1, 1994 through the November 30, 2003 expiration of the Contract.

**The Shire Project**

32. The Shire project is assisted under the Section 8 New Construction Program. The project consists of 40 1-bedroom units.

33. The original owner of the Shire project was Shire Apartments, Ltd., an Iowa limited partnership. On June 1, 2000, Shire Apartments, Ltd. transferred all of its rights, title and interest in the Shire project to Plaintiff Hickory Lane Partners Limited Partnership.

34. Shire Apartments, Ltd. entered into a HAP Contract (the "Shire Contract") with HUD effective August 1, 1983. Accordingly, August 1 is the Shire Contract anniversary date. A copy of the Contract is attached as Exhibit 2.

35. The term of the Shire Contract was twenty years. Ex. 2, ¶ 1.2. The Shire Contract expired on July 31, 2003.

36. The Shire Contract stated, "Upon request from the Owner to the CA, Contract Rents will be adjusted on the anniversary date of the Contract in accordance with 24 CFR 888 and this Contract." Ex. 2, ¶ 2.7(b)(1).

37. The Shire Contract also stated that the adjustments required by paragraph 2.7(b)(1), "shall not result in material differences between the rents charged for assisted and comparable unassisted units ... except to the extent that the differences existed with respect to the Contract Rents at Contract execution or cost certification, where applicable." Ex. 2, ¶ 2.7(d).

38. The initial Contract Rent for each of the Shire project's units was $414.

39. The initial difference between the initial Contract Rent at the Shire project and the rent for comparable unassisted units on the effective date of the Shire Contract was $60.

40. Beginning on August 1, 1984, the first anniversary date of the Shire Contract, the Contract Rents at the Shire project were adjusted on each anniversary date of the Shire Contract through, and including, August 1, 1994.

41. There were no adjustments to the Shire Contract Rents from August 1, 1994 through the July 31, 2003 expiration of the Shire Contract.

**COUNT I – BREACH OF CONTRACT**
**(Failure to Adjust Contract Rents)**

42. Plaintiffs repeat and reallege paragraphs 1-41.

43. Under the HAP Contracts between Plaintiffs and HUD, Plaintiffs were entitled, on the anniversary date of each of Plaintiffs' HAP Contracts, to an automatic

annual adjustment, based on the applicable annual adjustment factors published by HUD, in the Contract Rents at Plaintiffs' projects.

44. HUD did not adjust the Contract Rents at Plaintiffs' projects after March 7, 1995, the date HUD issued Notice 95-12.

45. HUD's failure to adjust the Contract Rents at Plaintiffs' projects after HUD issued Notice 95-12 constituted a breach of the HAP Contracts between Plaintiffs and HUD and resulted in Contract Rents that were lower than the Contract Rents to which Plaintiffs were entitled under their HAP Contracts with HUD.

46. Plaintiffs have been damaged by HUD's breach of the HAP Contracts between Plaintiffs and HUD. Plaintiff Pierce Street Partners Limited Partnership has been damaged in the amount of at least $87,200. Plaintiff Hickory Lane Partners Limited Partnership has been damaged in the amount of at least $13,920.

**COUNT II – BREACH OF CONTRACT**
**(Reduction in Annual Adjustment Factors)**

47. Plaintiffs repeat and reallege paragraphs 1-46.

48. In Notice 95-12, HUD published two tables of annual adjustment factors for use from March 7, 1995, the date Notice 95-12 was issued, through September 30, 1995, the end of HUD's Fiscal Year 1995. Table 1 was applicable to units with turnover, i.e. units that were occupied by a family different from the family that occupied the unit at the time of a project's previous annual rent adjustment. Table 2 was applicable to non-turnover units, i.e. units that were occupied by the same family as the family that occupied the unit at a project's previous annual rent adjustment. Table 2 reduced the adjustment factors in Table 1 by .01 except no factor was reduced below 1.0

49. Since Notice 95-12 was issued, HUD has published its annual adjustment factors in the Federal Register. Each publication of the annual adjustment factors contained two separate tables. As with Notice 95-12, Table 1 was applicable to turnover units and Table 2, which was applicable to non-turnover units, reduced the adjustment factors in Table 1 by .01.

50. Since Notice 95-12 was issued, HUD has reduced the annual adjustment factors otherwise applicable to the projects for which HUD serves as the Contract Administrator under HUD's Section 8 New Construction and Substantial Rehabilitation Programs, including the adjustment factors that were applicable to Plaintiffs' projects, by .01 for non-turnover units.

51. Any reduction by HUD of the annual adjustment factor for non-turnover units at Plaintiffs' projects constituted a breach of the HAP Contracts between Plaintiffs and HUD and damaged Plaintiffs by reducing the Contract Rents to which Plaintiffs were entitled under their HAP Contracts with HUD.

**COUNT III – BREACH OF CONTRACT**
**(Rent Comparability Study)**

52. Plaintiffs repeat and reallege paragraphs 1-51.

53. HUD required Plaintiffs, and owners of other Section 8 New Construction and Substantial Rehabilitation projects, to submit a Rent Comparability Study, prepared at the Plaintiffs' expense, before deciding whether to adjust the Contract Rents at Plaintiffs' projects.

54. Plaintiffs never submitted a Rent Comparability Study to HUD because it was too expensive.

55. No provision of Plaintiffs' HAP Contracts with HUD required Plaintiffs to submit a Rent Comparability Study before receiving the annual rent adjustment to which Plaintiffs were entitled under their HAP Contracts with HUD.

56. The requirement to submit a Rent Comparability Study imposed by HUD on Plaintiffs constituted a breach of the HAP Contracts between Plaintiffs and HUD.

57. This breach by HUD of the HAP Contracts between Plaintiffs and HUD damaged Plaintiffs by preventing Plaintiffs from receiving the Contract Rents to which Plaintiffs were entitled under the HAP Contracts.

WHEREFORE, Plaintiffs pray that the Court:

(i) Find that HUD has breached the HAP Contracts between Plaintiffs and HUD;

(ii) Award Plaintiff Pierce Street Partners Limited Partnership compensatory damages for the breach of its HAP Contract with HUD in the amount of at least $87,200;

(iii) Award Plaintiff Hickory Lane Partners Limited Partnership compensatory damages for the breach of its HAP Contract with HUD in the amount of at least $13,920;

(iv) Award Plaintiffs their costs and expenses of this action, including attorney fees; and

(v) Award any other relief that is just and proper.

Respectfully submitted,

November 30, 2006

Carl A.S. Coan III

Carl A.S. Coan, III
Coan & Lyons
1100 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Phone No. 202-728-1070
Fax No. 202-293-2448

Attorney for Plaintiffs

Of Counsel:
Carl A.S. Coan, Jr.