IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PIERCE STREET PARTNERS, L.P., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HICKORY LANE PARTNERS, L.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-812C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Damich) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the first amended complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in the first sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 3. Denies the allegations contained in the second sentence of

paragraph 3. The allegations contained in the third sentence of paragraph 3 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in paragraph 7 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except admits defendant is the United States and admits the Department of Housing and Urban Development ("HUD") is an agency of the United States.

8. The allegations contained in paragraph 8 constitute conclusions of law, and plaintiffs' characterization of their

case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admit the allegations contained in paragraph 11 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the

extent supported by the regulations cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in the first sentence of

paragraph 19 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. The allegations contained in paragraph 21 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Admits.

23. Denies the allegations contained in the first sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that the original owner was named Martin Tower on the Mall, Ltd. The allegations contained in the second sentence of paragraph 23 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent

they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. The allegations contained in the second sentence of paragraph 24 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits.

29. Admits.

30. Denies.

31. Admits.

32. Denies.

33. The allegations contained in paragraph 33 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits.

35. Admits.

36. Denies the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that the original owner was named Shire Apartments, Ltd. The allegations contained in the second sentence of paragraph 36 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 37. The allegations contained in the second sentence of paragraph 37

constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits.

42. Admits.

43. Denies.

44. Denies.

45. Denies.

46. The allegations contained in paragraph 46 constitute conclusions of law, and plaintiffs' characterization of their

case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. Denies.

48. Defendant incorporates by reference its responses to paragraphs 1 through 47 of plaintiffs' complaint.

49. The allegations contained in paragraph 49 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admits.

51. The allegations contained in paragraph 51 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53. Defendant incorporates by reference its responses to paragraphs 1 through 52 of plaintiffs' complaint.

54. Admits the allegations contained in paragraph 54 to the extent supported by the notice cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in the first sentence of paragraph 55. Admits the allegations contained in the second and third sentences of paragraph 55 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 55.

56. The allegations contained in paragraph 56 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. Defendant incorporates by reference its responses to paragraphs 1 through 57 of plaintiffs' complaint.

59. The allegations contained in paragraph 59 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. The allegations contained in paragraph 61 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

64. Denies each and every allegation not previously admitted or otherwise qualified.

65. Denies that plaintiff is entitled to the relief requested following the unnumbered paragraph beginning with "WHEREFORE," or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

March 9, 2007

CERTIFICATE OF FILING

I hereby certify that on March 9, 2007, a copy of the foregoing "DEFENDANT’S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier