IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PIERCE STREET PARTNERS, L.P., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HICKORY LANE PARTNERS, L.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-812C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Damich) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that certain claims in the complaint be dismissed for lack of subject matter jurisdiction. Specifically, we seek the dismissal of all claims that accrued more than six years before the complaint was filed.

The complaint was filed on November 30, 2006.[1] Thus, all claims that accrued prior to November 30, 2000 are untimely.

In the amended complaint, Pierce Street Partners, L.P. ("Pierce") alleges that certain of its claims accrued on the following dates: December 1, 1997, December 1, 1998, and December 1, 1999. We seek the dismissal of these claims.

In the amended complaint, Hickory Lane Partners, L.P. ("Hickory") alleges that certain of its claims accrued on the

---

[1] "Complaint" refers to the complaint filed by plaintiffs on November 30, 2006, and docketed as No. 06-812C.

following dates: August 1, 1997, August 1, 1998, August 1, 1999, and August 1, 2000. We seek the dismissal of these claims.

STATEMENT OF FACTS

For the purposes of this motion only, we assume that the following facts, which are alleged in the amended complaint,[2] are true.

Each of the plaintiffs seeks relief based upon contract claims. E.g., Amended Complaint, ¶¶ 2-3.

The United States entered into a Housing Assistance Payments Contract ("HAP contract") with Martin Tower On The Mall, Ltd. Id. ¶ 24. Pierce is the successor to this contractor. Id. ¶¶ 2, 23. The anniversary date for the Pierce contract is December 1. Id. ¶ 24. Plaintiffs allege that, under certain circumstances, an obligation for the United States to pay rent increases was triggered on the anniversary date of the Pierce contract. Id. ¶ 26. The Pierce contract expired on November 30, 2003. Id. ¶ 25.

Pierce alleges that it became entitled to certain rent increases on the following anniversary dates:

December 1, 1997,

December 1, 1998,

December 1, 1999,

December 1, 2000,

---

[2] The "amended complaint" refers to the first amended complaint, filed by the plaintiffs on February 27, 2007.

December 1, 2001, and

December 1, 2002.

Amended Complaint, ¶ 34 (alleging no rent adjustments made after December 1, 1996); see id. ¶¶ 24, 26 (rent increase obligations triggered on anniversary date: December 1); ¶ 31 (admitting that a rent increase was granted, effective December 1, 1996); ¶ 25 (contract expired prior to December 1, 2003).

The United States entered into a HAP contract with Shire Apartments, Ltd. Id. ¶ 37. Hickory is the successor to this contractor. Id. ¶¶ 2, 36. The anniversary date for the Hickory contract is August 1. Id. ¶ 37. Plaintiffs allege that, under certain circumstances, an obligation for the United States to pay rent increases was triggered on the anniversary date of the Hickory contract. Id.

¶ 39. The Hickory contract expired on July 31, 2003. Id. ¶ 38.

Hickory alleges that it became entitled to certain rent increases on the following anniversary dates:

August 1, 1997,

August 1, 1998,

August 1, 1999,

August 1, 2000,

August 1, 2001, and

August 1, 2002.

Amended Complaint, ¶ 47 (alleging no rent adjustments made after

December 1, 1996); see id. ¶ 6 (ownership of Shire Apartments), ¶¶ 37, 39 (rent increase obligations triggered on anniversary date: August 1); ¶ 44 (admitting that a rent increase was granted, effective August 1, 1996); ¶ 38 (contract expired prior to August 1, 2003).

## ARGUMENT

### I. The Jurisdiction Of The United States Court Of Federal Claims Is Limited

Like its predecessor, the United States Court of Claims, this is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984), aff'd, 758 F.2d 665 (Fed. Cir. 1984) (unpublished). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

The central provision granting consent to suit in this Court

is the Tucker Act, 28 U.S.C. § 1491. United States v. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

This statute does not create any substantive right of recovery against the United States for money damages. United States v. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists. United States v. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983). Thus, unless alleging a contract claim, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. at 538; United States v. Connolly, 716 F.2d at 885.

To demonstrate this Court's jurisdiction to entertain a

contract claim, the plaintiff must demonstrate privity of contract between itself and the United States. Merritt v. United States, 267 U.S. 338, 340-41 (1925) (no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); National Leased Housing Assoc. v. United States, 105 F.3d 1423, 1435-47 (Fed. Cir. 1997) (privity of contract is required to establish jurisdiction); United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983) ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor").

## II. Claims That Accrued Prior To November 30, 2000 Must Be Dismissed Because The Statute Of Limitations Eliminates Jurisdiction To Consider Claims That Accrued More Than Six Years Prior To The Filing Of The Complaint

The relevant statute of limitations requires that contract claims be filed in this Court within six years from the date that the contract right accrues. 28 U.S.C. § 2501. This Court lacks jurisdiction to consider contract claims that accrued more than six years prior to the day the complaint was filed. 28 U.S.C. § 2501; Hart v. United States, 910 F.2d, 815, 817 (Fed. Cir. 1990) (section 2501 creates a limit on jurisdiction).

A claim for an annual rent increase pursuant to a HAP contract accrues on the anniversary date of the HAP contract. Brown Park Estates-Fairfield Development Co. v. United States, 127 F.3d 1449, 1454, 1457-59 (Fed. Cir. 1997) (no jurisdiction to

consider claims for rent increases that accrued on anniversary dates more than six years prior to the filing of the complaint).

In this case, the complaint was filed on November 30, 2006. Thus, all claims for rent increases alleged in the complaint that accrued prior to November 30, 2000 are barred by the statute of limitations. 28 U.S.C. § 2501.

Pierce has alleged three claims for annual rent increases that accrued prior to November 30, 2000:

December 1, 1997,

December 1, 1998,

December 1, 1999.

The Court does not possess jurisdiction to consider these claims. 28 U.S.C. § 2501; Brown Park Estates, 127 F.3d at 1454, 1457-59.

Hickory has alleged four claims for annual rent increases that accrued prior to November 30, 2000:

August 1, 1997,

Auguset 1, 1998,

August 1, 1999, and

August 1, 2000.

The Court does not possess jurisdiction to consider these claims. 28 U.S.C. § 2501; Brown Park Estates, 127 F.3d at 1454, 1457-59.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court dismiss all claims for rent increases on

anniversary dates prior to December 1, 2000, for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

March 9, 2007

CERTIFICATE OF FILING

I hereby certify that on March 9, 2007, a copy of the foregoing "DEFENDANT'S PARTIAL MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier