IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PIERCE STREET PARTNERS, L.P., and HICKORY LANE PARTNERS, L.P., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 06-812C (Chief Judge Damich) |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant or the plaintiff, it is stipulated and agreed between the parties:

1. Effective on December 1, 1983, Martin Tower On The Mall, Ltd. (Martin), entered into Housing Assistance Payment (HAP) contract no. KC-82-221 with the United States Department of Housing and Urban Development (HUD) for the Martin Tower project, which is an 80-unit multifamily rental housing projected located in Sioux City, Iowa. HAP contracts strive to provide rental assistance for low-income families so that such families can live in a multifamily rental housing project with reduced rental payment obligations. On June 1, 2000, Martin transferred all of its rights, title, and interest in the Martin Tower project to plaintiff, Pierce Street Partners Limited Partnership (Pierce).

2. Effective on August 1, 1983, Shire Apartments, Ltd. (Shire) entered into HAP contract no. KC-82-222 with HUD for Shire Apartments, which is a 40-unit multifamily rental housing projected located in Sioux City, Iowa. On June 1, 2000, Shire transferred all of its rights, title, and interest in the Martin Tower project to plaintiff, Hickory Lane Partners Limited Partnership (Hickory).

3. On February 27, 2007, Pierce and Hickory filed a First Amended Complaint, which alleges that HUD breached the rent adjustment provisions of the Martin Tower and Shire Apartments HAP contracts in certain ways, resulting in an underpayment of rent subsidies to Pierce and Hickory for the years 1996 to 2003 in the amount of $101,120.

4. Pierce and Hickory have offered to settle all claims in this case, and all other current or past claims related to the contracts (except for any claims related to taxes or fraud) in exchange for the entry of judgment against the United States in favor of Pierce in the amount of $66,000, inclusive of interest, and for the entry of judgment against the United States in favor of Hickory in the amount of $11,000, inclusive of interest, with each party to bear its own costs, expenses, and attorney fees.

5. Pierce's offer and Hickory's offer have been accepted on behalf of the Attorney General.

6. The United States consents to entry of judgment against

the United States in favor of Pierce and Hickory as set out in paragraph 4.

7. Upon satisfaction of the terms set forth in paragraph 4, Pierce and Hickory release, waive, and abandon all current or past claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the respective contracts or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all current or past claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. Upon satisfaction of the terms set forth in paragraph 4, the United States releases, waives and abandons all current or past claims against Pierce or Hickory arising out of or related to the contracts or otherwise involved in this case, except for fraud, regardless of whether they were included in the pleadings, including but not limited to all current or past claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. This stipulation is in no way related to or concerned with income or other taxes for which Pierce or Hickory is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. Pierce and Hickory warrant and represent that no other

action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Pierce and Hickory further warrant and represent that neither has made any assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Pierce and Hickory, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

11. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12. Plaintiffs's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Pierce and Hickory.

13. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

S/ Carl A.S. Coan, III
CARL A.S. COAN, III
Coan & Lyons
1100 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tele: 202-728-1070
Fax: 202-293-2448

Attorney for Plaintiff

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director
Authorized Representative
Of The Attorney General

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

September 28, 2007

CERTIFICATE OF FILING

I hereby certify that on September 28, 2007, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier